■ In the Matter of MICHAEL G. O'CONNOR et al., Respondents, v RUSSELL J. CURTIN, Appellant, et al., Respondents. [800 NYS2d 226]—

In a proceeding pursuant to Election Law § 16-102, inter alia, to invalidate a petition designating Russell J. Curtin as a candidate in a primary election to be held on September 13, 2005, for the nomination of the Republican Party as its candidate for the public office of Superintendent of Highways of the Town of Ossining, the appeal is from a final order of the Supreme Court, Westchester County (Murphy, J.), entered

August 9, 2005, which granted the petition and invalidated the designating petition.

Ordered that the final order is affirmed, without costs or disbursements.

The number of valid signatures required by the Election Law for a designating petition such as the appellant's is "not less than [5%], as determined by the preceding enrollment, *of the then enrolled voters of the party residing within the political unit* in which the office or position is to be voted for" (Election Law § 6-136 [2] [emphasis added]). The term "political unit" as used in the statute means "the state or any political subdivision thereof or therein" (Election Law § 1-104 [1]). The term "political subdivision" is not defined in the Election Law.

Contrary to the appellant's contention, the Town of Ossining is a "political subdivision." We agree with the Supreme Court that the legislation establishing the office of Superintendent of Highways (*see* Town Law § 20) does not reveal an intent to create a separate political subdivision within the Town composed only of those election districts eligible to vote for the office of Superintendent of Highways. Since the appellant failed to obtain the requisite 247 signatures, his designating petition was properly invalidated. Schmidt, J.P., Cozier, Rivera and Fisher, JJ., concur.